UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVEN BROWN, | : |
| Plaintiff, | : Civ. No. 14-7674 (KM) (MAH) |
| v. | : |
| | : OPINION |
| RICARDO JAMES, et al., | : |
| Defendants. | : |

**KEVIN MCNULTY, U.S.D.J.**

### I.  INTRODUCTION

The plaintiff, Steven Brown, is a pretrial detainee at the Passaic County Jail in Paterson, New Jersey. He is proceeding *pro se* with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. Mr. Brown's application to proceed *in forma pauperis* will be granted based on the information provided therein.

The Court must now review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. For the reasons set forth below, the complaint will be dismissed, in part without prejudice and in part with prejudice.

### II.  BACKGROUND

The allegations of the complaint will be construed as true for purposes of this Opinion. The complaint names four defendants: (1) Ricardo James; (2) Ryan Andresen; (3) Rachel Scipio; and (4) Michael Filosa. All four are parole officers with the New Jersey State Parole Board.

Mr. Brown was previously convicted of a sexual offense and, at the time of the events alleged in the complaint, was serving a term of parole. The complaint alleges that the defendants violated his constitutional rights on May 2, 2012 when they illegally searched Brown's home and arrested him without probable cause for violating the terms of his parole. Mr. Brown also alleges that the defendants illegally seized some items, including computer devices with internet capabilities. He seeks compensatory and punitive damages.

### III.   LEGAL STANDARDS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

Under the Prison Litigation Reform Act, Pub. L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis, see* 28 U.S.C. § 1915(e)(2)(B),

seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (per curiam) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (per curiam) (discussing 42 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), as explicated by the United States Court of Appeals for the Third Circuit. To survive the court's screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Pro se* pleadings, as always, will be liberally construed. *Haines v. Kerner,* 404 U.S. 519 (1972). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to

support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

## IV.  DISCUSSION

### A.  Statute of Limitations

Mr. Brown's claims arise out of the search, seizure of property, and arrest, all of which occurred on May 2, 2012. The complaint alleges that the defendants violated Brown's constitutional rights by searching his home without a warrant and without probable cause, and also that they arrested him without probable cause. These claims will be dismissed without prejudice because it appears from the face of the complaint that they are barred by the two-year statute of limitations.

Section 1983 claims are subject to New Jersey's two-year statute of limitations. *See Patyrak v. Apgar*, 511 F. App'x 193, 195 (3d Cir. 2013) (per curiam) (citing *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010)). The date that a cause of action under § 1983 accrues, however, is a matter of federal law. *See Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) (citing *Gentry v. Resolution Trust Corp.*, 937 F.2d 899, 919 (3d Cir. 1991)). "Under federal law, a cause of action accrues, and the statute of limitations begins to run when the plaintiff knew or should have known of the injury upon which its action is based." *Id.* (internal quotation marks and citations omitted). "As a general matter, a cause of action accrues at the time of the last event necessary to complete the tort, usually at the time the plaintiff suffers an injury." *Id.* (citing *United States v. Kubrick*, 444 U.S. 111, 120 (1979)).

A Fourth Amendment claim for unreasonable search (or seizure) accrues, and the statute of limitations begins to run, at the time of the search (or seizure). *See Voneida v. Stoehr*, 512 F. App'x 219, 221 (3d Cir. 2013) (per curiam); *Woodson v. Payton*, 503 F. App'x 110, 112 (3d Cir.

2012) (per curiam); *Castro v. Perth Amboy Police Dep't*, No. 13-3376, 2014 WL 229301, at 3 n.1 (D.N.J. Jan. 21, 2014). A false arrest claim accrues at the time of the arrest. *See Torres v. McLaughlin*, 163 F.3d 169, 176 (3d Cir. 1998); *Love v. Schockley*, No. 14-7681, 2015 WL 71162, at *2 (D.N.J. Jan. 6, 2015).

Mr. Brown's illegal search/seizure and false arrest claims arose on the date of the search and arrest: May 2, 2012. The two-year statute of limitations began to run on that date, and expired on May 2, 2014. Mr. Brown's complaint was filed in November 2014, some six months after the statute of limitations presumptively expired.[1]

I also consider, however, whether the limitations period was suspended or tolled. "'State law, unless inconsistent with federal law, also governs the concomitant issue of whether a limitations period should be tolled.'" *McPherson v. United States*, 392 F. App'x 938, 944 (3d Cir. 2010) (quoting *Dique*, 603 F.3d at 185).

Statutory tolling under New Jersey must be based on one of the enumerated grounds. *See, e.g.*, N.J. STAT. ANN. § 2A:14–21 (minority or insanity); N.J. STAT. ANN. § 2A:14–22 (non-residency of persons liable). Nothing in the complaint, however, supports any of the statutory bases for tolling.

Equitable tolling under New Jersey law may arise "where 'the complainant has been induced or tricked by his adversary's misconduct into allowing the deadline to pass,' or where a plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or where a plaintiff has timely asserted his rights mistakenly by either defective pleading or in the wrong forum." *Cason v. Arie Street Police Dep't*, No. 10–0497, 2010 WL 2674399, at *5 n.4 (D.N.J.

---

[1] I have taken the date of the complaint as the date of filing, to give plaintiff the maximum benefit of the prisoner "mailbox rule." *See Houston v. Lack*, 487 U.S. 266, 270-71 (1988).

June 29, 2010) (citing *Freeman v. State,* 347 N.J. Super. 11, 31, 788 A.2d 867 (N.J. Super. Ct. App. Div. 2002). Again, the complaint does not articulate any basis for equitable tolling.

It is therefore apparent from the face of the complaint that the unreasonable search/seizure and false arrest claims are barred by the statute of limitations, and must be dismissed. *See Ostuni v. Wa Wa's Mart,* 532 F. App'x 110, 111–12 (3d Cir.2013) (per curiam) ("Although the running of the statute of limitations is ordinarily an affirmative defense, where that defense is obvious from the face of the complaint and no development of the record is necessary, a court may dismiss a time-barred complaint *sua sponte* under § 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.") (citing *Fogle v. Peirson,* 435 F.3d 1252, 1258 (10th Cir.2006)); *Hunterson v. Disabato,* 244 F. App'x 455, 457 (3d Cir.2007) (per curiam) ("[A] district court may *sua sponte* dismiss a claim as time-barred under 28 U.S.C. § 1915A(b)(l) where it is apparent from the complaint that the applicable statute of limitations has run.").

It is possible, however, that the plaintiff may be able to plead facts to support an argument for tolling of the limitations period. Thus, the unreasonable search and false arrest claims are therefore dismissed without prejudice to the filing of a proposed amended complaint.

I raise one other matter to guide this *pro se* plaintiff in the event he opts to file an amended complaint. It is possible for a claim of false imprisonment to be timely, even if a related claim of false arrest is not. A false imprisonment claim requires an allegation that the plaintiff was arrested without probable cause and that he was detained pursuant to that arrest. *See Simpson v. Owner of Dollar Tree Store,* No. 09-6162, 2010 WL 3364200, at *6 (E.D. Pa. Aug. 23, 2010) (quoting *Groman v. Twp. Of Manalapan,* 47 F.3d 628, 636 (3d Cir. 1995) (citing *Thomas v. Kippermann,* 846 F.2d 1009, 1011 (5th Cir. 1988))).

Thus detention without legal process, if it continues, may extend the accrual period until "that person is held pursuant to legal process, such as when a person is bound over by a magistrate or arraigned on charges." *LeBlanc v. Snavely*, 453 F. App'x 140, 142 (3d Cir. 2011) (per curiam) (citing *Wallace v. Kato*, 549 U.S. 384, 389–90 (2007)); *see also Yagla v. Simon*, No. 14-0181, 2015 WL 1326341, at *16 (W.D. Pa. Mar. 24, 2015); *Wimbush v. Jenkins*, No. 13-4654, 2014 WL 1607354, at *9 (D.N.J. Apr. 22, 2014). If he opts to submit an amended complaint, Mr. Brown may wish to consider whether he can factually allege a false imprisonment claim that is not barred by the two-year statute of limitations.

Mr. Brown's claims arising from the search and arrest on May 2, 2012, are dismissed. That dismissal, however, is without prejudice to the filing of an amended complaint that asserts a claim that falls within the two-year statute of limitations. Any such amended complaint should be filed within 30 days after the date of this Opinion and accompanying Order.

B. <u>Deprivation of Property/Due Process</u>

Mr. Brown may have intended to assert a § 1983 claim that the defendants deprived him of his computer equipment without due process. The complaint, even construed liberally, fails to state a viable due process claim.

Routine claims of property deprivation or damage, even at the hands of a State actor, are not automatically constitutional claims:

> An unauthorized deprivation of property by a state actor, whether intentional or negligent, does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available. *Hudson v. Palmer*, 468 U.S. 517, 530–36, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984); *Parratt v. Taylor*, 451 U.S. 527, 543–44, 101 S. Ct. 1908, 68 L.Ed.2d 420 (1981), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 328, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986). In *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435–36, 102 S. Ct. 1148, 71

> L. Ed. 2d 265 (1982), the Supreme Court explained, however, that post-deprivation remedies do not satisfy the Due Process Clause if the deprivation of property is accomplished pursuant to established state procedure rather than through random, unauthorized action.

*Stokes v. Lanigan*, No. 12-1478, 2012 WL 4662487, at *4 (D.N.J. Oct. 2, 2012).

First, there is a post-deprivation remedy available to Mr. Brown. New Jersey provides such a remedy through the New Jersey Tort Claims Act, N.J. STAT. ANN. § 59:1-1 *et seq.* Second, this claim is seemingly not addressed to an "established state procedure," but rather to a one-shot seizure. The complaint fails to state a legally sufficient due process claim; any § 1983 claim for deprivation of property without due process will be dismissed with prejudice.

## V.     CONCLUSION

For the foregoing reasons, the false arrest and unreasonable search/seizure claims are dismissed without prejudice because they are barred by the statute of limitations. Any claim that defendants deprived Mr. Brown of his property without due process is dismissed with prejudice for failure to state a claim upon which relief may be granted. An appropriate Order will be entered.

Dated: July 14, 2015

                                                       _____
                                                       KEVIN MCNULTY
                                                       United States District Judge